IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
JUL 20 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

MARTHA SANDOVAL, individually )
and on behalf of all others similarly )
situated, )
                                                      )
     Plaintiffs, )
v.                                                )     CIVIL ACTION 96-D-1875-N
                                                    )
L. N. HAGAN, in his official capacity as )
the Director of Public Safety; ALABAMA )
DEPARTMENT OF PUBLIC SAFETY, )
                                                    )
     Defendants. )

## ORDER

[In re: *Martha Sandoval, individually and on behalf of all others similarly situated v.*
*L.N. Hagan, in his official capacity as the Director of Public Safety;*
*Alabama Department of Public Safety,*
No. 98-6598
(11th Cir. July 16, 2001)]

    In Alexander v. Sandoval, ___ U.S. ___, 121 S.Ct. 1511 (April 24, 2001), the Supreme Court of the United States held that there is no private right of action to enforce disparate impact regulations promulgated under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d et seq., and reversed the decision of the Court of Appeals for the Eleventh Circuit in Sandoval v. Hagan, 197 F.3d 484 (11th Cir. 1999). In light of the Supreme Court's decision, on remand, in the above-referenced order, the Eleventh Circuit vacated the district court's judgment in Sandoval v. Hagan, 7 F. Supp.2d 1234 (M.D. Ala. 1998), and remanded this cause to the district court for dismissal of the case.

EOD 7-20-01



Accordingly, it is CONSIDERED and ORDERED that Plaintiff take nothing by her said suit and that this case be and the same is hereby DISMISSED. The clerk is directed to close this case.

DONE this the 20th day of July, 2001.

                                    /s/ Ira De Ment
                                    UNITED STATES DISTRICT JUDGE

CIVIL APPEALS CHECKLIST

1. <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   <u>Appeals from Final Orders Pursuant to 28 U.S.C. § 1291</u>: Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. § 158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. <u>Compare</u> Fed.R.App.P. 5.1, 28 U.S.C. § 636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. <u>See Pitney Bowes, Inc. v. Mestre</u>, 701 F.2d 1365, 1369 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. <u>Buchanan v. Stanships, Inc.</u>, 495 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988); <u>Budinich v. Becton</u>, 485 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

   <u>Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5</u>: The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   <u>Appeals Pursuant to 28 U.S.C. § 1929(a)</u>: Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions ..." This statute does not permit appeals from temporary restraining orders.

   <u>Appeals pursuant to Judicially Created Exceptions to the Finality Rule</u>: These limited exceptions are discussed in many cases, including (but not limited to): <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); <u>Forgay v. Conrad</u>, 6 How. (47 U.S.) 201 (1848); <u>Gillespie v. United States Steel Corp.</u>, 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); <u>Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc.</u>, 890 F.2d 371 (11th Cir. 1989). Compare <u>Coopers and Lybrand v. Livesay</u>, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); <u>Gulfstream aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988)

2. <u>Time for Filing</u>: To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   <u>FRAP 4(a)(1)</u>: The notice of appeal required by FRAP 3 "must be <u>filed with the clerk of the district court</u> within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by <u>any party</u> within 60 days after such entry ..." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   <u>FRAP 4(a)(3)</u>: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the <u>first</u> notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   <u>FRAP 4(a)(5) and FRAP 4(a)(6)</u>: The <u>district</u> court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file notice of appeal. Under FRAP 4(a)((6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   <u>FRAP 4(c)</u>: "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or be a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. <u>Format of Notice of Appeal</u>: Form 1, FRAP Appendix of Forms, is a suitable format. <u>See also</u> FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable ..." (FRAP 3(b))

4. <u>Effect of Notice of Appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (<u>see</u> Fed.R.Civ.P. 50) or to rule on a timely motion of the type specified in FRAP 4(a)(4)