IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2001 AUG -3 P 7: 17

FILED
AUG 3 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

| | | |
|---|---|---|
| MARTHA SANDOVAL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) ) | Case No. CV-96-D-1875-N |
| L.N. HAGAN, et al. | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

In light of the United States Supreme Court's decision in <u>Alexander v. Sandoval</u>, ___ U.S. ___, 121 S.Ct. 1511 (April 24, 2001), the Eleventh Circuit vacated this Court's judgment in <u>Sandoval v. Hagan</u>, 7 F.Supp. 1234 (M.D. 1998), and remanded the case to this Court for dismissal. See <u>Sandoval v. Hagan</u>, No. 98-6598 (11th Cir. July 16, 2001). On remand, this Court dismissed the case and directed the clerk to close the case. Order (July 20, 2001) (Doc. # 93). Because the Supreme Court's decision only resolved the Plaintiffs' Title VI claim and because this Court expressly reserved ruling on the Plaintiffs' Equal Protection claim, the Plaintiffs move to alter or amend the judgment pursuant to Rule 59(e). Rather than a dismissal on the merits, the Plaintiffs' Equal Protection claim should be dismissed as moot.

The Plaintiffs originally brought three claims: (1) a disparate impact claim under Title VI and its implementing regulations; (2) a claim under 42 U.S.C. § 1981; and (3) a claim under the Equal Protection Clause of the Fourteenth Amendment. See Order on Pretrial Hearing at 4 (Feb. 12, 1998). At trial, the Court granted the Defendant's motion for summary judgment on the Plaintiffs' §1981 claim. As the Court noted in an order issued subsequent to its ruling on the Title VI claim, "[t]he court has never addressed, and, consequently, has never decided, Plaintiffs' arguments that the Department violates the Equal Protection Clause by intentionally discriminating on the basis of language." Order on Plaintiffs' Motion to Alter or Amend Judgment at 2 (July 13, 1998) (Doc. #80). The Court specifically "reserve[d] ruling on Plaintiffs' claim that the Department violates the Equal Protection Clause by intentionally discriminating on the basis of language pending appellate review of its June 3, 1998, Memorandum Opinion." Id. at 2-3.

Because the Plaintiffs' Equal Protection claim has never been decided, it should not be dismissed on the merits. Instead, the Equal Protection claim should be dismissed as moot, given Governor Siegelman's decision to continue offering the Alabama driver's license exam in seven different languages despite the Supreme Court's Title VI decision. See Court Bars Suit Against Alabama Over English-only Law, Associated Press, April 25, 2001 (attached) (noting that Alabama's governor had decided to continue driver's license testing in multiple languages despite the Supreme Court's decision).

2

Respectfully submitted,

*Rhonda Brown*

J. Richard Cohen
Rhonda Brownstein
Southern Poverty Law Center
400 Washington Avenue
Post Office Box 2087
Montgomery, AL 36102-2087
(334) 956-8200

Attorneys for Plaintiffs

1ST STORY of Focus printed in FULL format.

The Associated Press State & Local Wire

The materials in the AP file were compiled by The Associated Press.  These materials may not be republished without the express written consent of The Associated Press.

April 25, 2001, Wednesday, BC cycle

SECTION: State and Regional

LENGTH: 911 words

HEADLINE: Court bars suit against Alabama over English-only law

BYLINE: By ANNE GEARAN, Associated Press Writer

DATELINE: WASHINGTON

BODY:
   The Supreme Court, ruling Tuesday in the case of a Mexican immigrant who was not allowed to take her Alabama driver's exam in Spanish, said private individuals cannot sue over state rules they consider racially or ethnically discriminatory.

   Title VI of the landmark 1964 Civil Rights Act bars state recipients of federal money from discriminating based on race, color or national origin. It is a given that individuals do have the right to sue over alleged state-sponsored, intentional discrimination, the court said.

   But Martha Sandoval of Mobile, Ala., and others do not have the right to sue over rules such as Alabama's "English-only" requirement for driver's tests, the court ruled by a vote of 5-4.

   Despite Tuesday's ruling, Sandoval had already won a federal class-action suit that forced the state to resume offering the test in seven different languages. Gov. Don Siegelman's administration will continue such testing using multiple languages since the challenge by Alabama Attorney General Bill Pryor focused on a narrow part of the law.

   Siegelman spokeswoman Carrie **Kurlander** said the governor made the decision based on public safety issues and because "it was the right thing to do."

   Sandoval claimed the Alabama tests violated a federal regulation - not a law passed by Congress. That regulation told states they could not spend federal money in a racially or ethnically discriminatory way.

   When drafting the civil rights law, Congress did not expressly create the private right to sue over alleged violations of such regulations, Justice Antonin Scalia wrote. Further, the court majority agreed with Alabama that no such right can be inferred.

"Neither as originally enacted nor as later amended does Title VI display an intent to create a freestanding private right of action to enforce (such) regulations," Scalia wrote.

Alabama's attorney general hailed the high court's ruling, saying it protects Alabama and other states from private lawsuits that attempt to enforce federal regulations.

"Regulations may be enforced against states only by procedures properly authorized by Congress under the United States Constitution," Pryor said in a written statement.

But Richard Cohen, legal director at the Southern Poverty Law Center in Montgomery, Ala., who represented Sandoval, said the high court's ruling turned its back on a victim of discrimination and on legal precedent since the Civil Rights Act.

"The decision is not a surprise but it's still a terrible disappointment," he said.

Chief Justice William H. Rehnquist and Justices Clarence Thomas, Anthony M. Kennedy and Sandra Day O'Connor joined Scalia in the ruling.

On the other side were the court's more liberal members: Justices John Paul Stevens, Ruth Bader Ginsburg, Stephen Breyer and David H. Souter.

The case arose from Alabama's 1990 law establishing English as the official language for state business. Following up on the law, the state Department of Public Safety stopped offering licensing exams in other languages the next year.

The issue for the Supreme Court was not the legitimacy of the "English-only" policy itself, but whether Sandoval, a house cleaner, could sue the state for discrimination.

Sandoval's victory in the class-action suit forcing the state to offer the test in other languages asserted her right to sue under the theory that when spending federal money, states must abide by federal rules.

The 11th U.S. Circuit Court of Appeals agreed, and Alabama appealed to the Supreme Court. The state asked the justices to settle only the right-to-sue question, and cast the issue as a states' rights question.

When the court heard the case in January, lawyers for Sandoval and the Clinton administration argued that her right to sue is obvious, even if it is not spelled out in so many words in the 1964 law.

Decades of case law assume individual people have that right, and common sense dictates that Congress wanted people to be able to enforce the new civil rights that the law guaranteed, Sandoval's lawyers argued.

Lawyers for Alabama said the reach of Congress' power to condition the receipt of federal money is limited by the need for states to understand the terms of the deal with absolute clarity.

A long list of conservative legal groups sided with the state, including the Eagle Forum and the Pacific Legal Foundation, as did the National Association of Manufacturers and others who say employers must be able to require use of English in many workplaces.

Alabama agreed that the "national origin" part of the 1964 law bars intentional discrimination. But the state claimed the driver's exam rules did not discriminate intentionally and had nothing to do with the several million dollars of federal aid the Department of Public Safety receives each year.

Alabama is among 25 states that have passed laws designating English as the official state language. Supporters say the laws improve efficiency and promote the learning of English. Critics call the laws anti-immigrant or racist.

Numerous liberal and civil rights groups sided with Sandoval, including the National Association for the Advancement of Colored People and the Center on Race Poverty and the Environment.

The case is Alexander v. Sandoval, 99-1908.

On the Net:

Supreme Court: http://www.supremecourtus.gov

For the appeals court ruling in Hagan v. Sandoval: http://www.uscourts.gov/links.html and click on 11th Circuit.

GRAPHIC: AP Photo ALMOP501

LOAD-DATE: April 26, 2001

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing motion on the 3rd of August 2001, by first-class mail, postage prepaid, on the person whose address is listed below:

        Jack J. Park, Jr.
        Deputy Attorney General
        Office of the Attorney General
        11 South Union Street
        Montgomery, AL  36130

_____
Rhonda Brownstein
400 Washington Avenue
Post Office Box 2087
Montgomery, AL 36102-2087
(334) 956-8200